IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCOIS LAFATE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 13-cv-5555 |
| | : | |
| THE VANGUARD GROUP, INC., | : | |
| Defendant. | : | |

## MEMORANDUM

LYNNE A. SITARSKI                                                       DATE: October 7, 2014
UNITED STATES MAGISTRATE JUDGE

Presently before the Court are Plaintiff's Motion to Compel Defendant Vanguard's Response to Discovery or in the Alternative Production of a Privilege Log (ECF No. 59), and Defendant's opposition thereto (ECF No. 67). For the following reasons, Plaintiff's Motion to Compel will be DENIED.

**I.**         **BACKGROUND**

Because the Court writes for the parties, we set forth only a brief recitation of the facts necessary to decide the instant motion.

This is an employment discrimination case brought by Plaintiff, Francois Lafate, against his employer, the Vanguard Group, Inc. Plaintiff claims that the Defendant discriminated and retaliated against him on account of his race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 et seq. In particular, Plaintiff

claims that two supervisors, Jennifer Vastardis and Wayne Park, gave him two negative performance appraisals and demoted him from an F-Level to E-Level position in the Participant Services Department because of his race and/or in retaliation for complaining of alleged racist comments. (Compl. ¶¶ 19, 21, 46, 51, 70, 82, 97, 106). Plaintiff also alleges that he was subjected to a hostile work environment based primarily on the conduct of three of his coworkers, Mark Loikits, Patrick Fertig, and Doug Lammer. (Compl. ¶¶ 31-35). Plaintiff claims that he complained about his mistreatment to Dena Bailly in the Crew Relations Department, but that Ms. Bailly conducted an insufficient investigation into his complaints. (Compl. ¶¶ 83-89). Plaintiff also alleges in the Complaint that Defendant employs facially neutral policies that have a disparate impact on African-American employees. (Compl. ¶¶ 8, 121).

Discovery in this matter was initially ordered to be completed by July 15, 2014. (Order, ECF No. 14). The discovery period was subsequently extended through September 15, 2014. On or about July 22, 2014, Plaintiff served Defendant with his Third Set of Requests for Production of Documents ("RFP"). (Pl's Third RFP, ECF No. 59-2). On or about August 14, 2014, Plaintiff served Defendant with his Third Set of Interrogatories. (Pl's Third Interrogatories, ECF No. 59-3). On or about August 15, 2014, Plaintiff served Defendant with his Fourth RFP. (Pl's Fourth RFP, ECF No, 59-4). Defendant provided written responses and objections to Plaintiff's requests on August 21, 2014, and September 15, 2014. (Def's Resp. to Pl's Third RFP, ECF No. 59-5; Def's Resp. to Pl's Third Interrogatories, ECF No. 59-F; Def's Resp. to Pl's Fourth RFP, ECF No. 59-G).

On September 15, 2014, the last day of the discovery period, Plaintiff filed the instant

Motion to Compel. (Mot., ECF No. 59). In the motion, Plaintiff claims that Defendant has improperly withheld certain documents based on attorney-client privilege, the work product doctrine, or because the documents are confidential, proprietary, personal, or private, without providing a privilege log. Specifically, Plaintiff challenges Defendant's responses to the following requests in his Third RFP:

> **No. 4:** All files and documents maintained on the Crew Relations database that refer or relate to Angel Rivera, including, but not limited to, all interview notes, investigation plans, and counseling sessions;
>
> **Defendant's Response:** Defendant objects to Request No. 4 on the grounds that it is overbroad and seeks irrelevant information because it seeks any document maintained in the Crew Relations database that refers to Angel Rivera without limitation to the subject matter of the Complaint. Defendant further objects to this Request to the extent it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work product privilege. Defendant further objects to this Request to the extent it seeks documents and/or information which are of a confidential, proprietary, personal or private nature to Defendant or its current or former employees.
> Based on these objections, Defendant will not produce any documents responsive to this Request.
>
> **No. 9:** All documents reviewed, considered or generated in the investigation that resulted in the termination of Mark Loikits' employment with Vanguard;
>
> **Defendant's Response:** Defendant objects to Request No. 9 on the grounds that it seeks irrelevant information, as the investigation that led to the termination of Mr. Loikits' employment with Vanguard was based on a complaint made by Angel Rivera, not Plaintiff. Defendant further objects to this Request to the extent it seeks documents and/or information which are of a confidential, proprietary, personal or private nature to Defendant or its current or former employees. Defendant further objects to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work product privilege. Defendant further objects to this Request to the extent it is duplicative of other discovery such as deposition testimony and other written discovery requests.
> Subject to and as narrowed by these objections, Defendant refers Plaintiff to documents already produced in response to Request Nos. 18-20 and 47 of Plaintiff's First Request for Production of Documents but will not produce any additional documents responsive to this Request.

**No. 10:** All documents reviewed, considered or generated in the investigation that resulted in the termination of Patrick Fertig's employment with Vanguard;

**Defendant's Response:** Defendant objects to Request No. 10 on the grounds that it seeks irrelevant information, as the investigation that led to the termination of Mr. Fertig's employment with Vanguard was based on a complaint made by Angel Rivera, not Plaintiff. Defendant further objects to this Request to the extent it seeks documents and/or information which are of a confidential, proprietary, personal or private nature to Defendant or its current or former employees. Defendant further objects to this Request on the grounds that it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work product privilege. Defendant further objects to this Request to the extent it is duplicative of other discovery such as deposition testimony and Requests in Plaintiff's First Request for Production of Documents.
 Subject to and as narrowed by these objections, Defendant refers Plaintiff to documents already produced in response to Request Nos. 18-20 and 47 of Plaintiff's First Request for Production of Documents but will not produce any additional documents responsive to this Request.

**No. 11:** All documents reviewed, considered or generated in the investigation of Mr. Lafate's claims set forth in his EEOC charge, including but not limited to all interview notes of any interviews of Mr. Lafate, Roxanne Tillman, Jennfer Vastardis, Wayne Park, Angel Rivera, Patrick Fertig, Mark Loikits, Doug Lammer, Ed Dougherty, Robert Grossi, Talia Hanby, and Dena Bailly; and

**Defendant's Response:** Defendant objects to Request No. 11 on the grounds it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or work product privilege. Defendant further objects to this Request to the extent that it is duplicative of other Requests in Plaintiff's First Request for Production of Documents.
 Subject to and as narrowed by these objections, Defendant refers Plaintiff to the documents it produced in response to Request Nos. 28 and 29 of Plaintiff's First Request for Production of Documents but will not produce any additional documents responsive to this Request.

(Mot. 1 and Ex. A, ECF No. 59-1; Resp. 3-7; ECF No. 59-5). Plaintiff also challenges Defendant's response to his Third Set of Interrogatories No. 2:

**3rd Interrogatory No. 2:** Identify all individuals interviewed in connection with any investigation of Mr. Lafate's EEOC charge and claims of discrimination and retaliation, including the date of the interview, substance of the interview, person conducting the interview, duration of the interview and manner in which the interview was conducted.

4

> **Defendant's Response:** Defendant objects to Interrogatory No. 2 on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.
> Based on this objection, Defendant will not provide any information responsive to this Interrogatory.

(Mot. 1 and Ex. A, ECF No. 59-1; Resp. 3-4, ECF No. 59-6).[1]

On September 29, 2014, the Court held an on-the-record telephone conference to discuss the pending motion. (ECF No. 70).

## II. DISCUSSION

### A. Legal Standard

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information sought in discovery need not be admissible at trial, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance is generally "construed broadly to encompass any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978).

Pursuant to Rule 37, a party who has received evasive or incomplete answers to discovery requests may move for an order compelling discovery. *See* Fed. R. Civ. P. 37(a)(1),

---

[1] Plaintiff's motion also includes a challenge to Defendant's response to his Fourth RFP No. 2, but the parties informed the Court during the September 29, 2014 telephone conference that they have reached a resolution regarding this particular request.

(4). The moving party bears the initial burden of showing that the requested discovery is relevant. *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). The burden then shifts to the party opposing discovery to articulate why discovery should be withheld. *Id.* The party resisting production must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Young v. Lukens Steel Co.*, No. 92-6490, 1004 WL 45156, at *2 (E.D. Pa. Feb. 10, 1994) (quotations and citation omitted).

While generally liberal, permissible discovery is not without limitations. Discovery should not serve as a fishing expedition. *Upshaw v. Janssen Research & Development, LLC*, No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014); *see also Claude P. Bamberger Int'l v. Rohm & Haas Co.*, No. 96–1041, 1998 U.S. Dist. LEXIS 11141, at *5–6 (D.N.J. Mar. 31, 1998) ("While the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so.") (quoting *In re Fontaine*, 402 F.Supp. 1219, 1221 (E.D.N.Y. 1975)).

### B. Plaintiff's Discovery Requests

#### 1. Plaintiff's 3rd RFP Nos. 4, 9, and 10

Plaintiff first asks the Court to compel Defendant to produce documents in the Crew Relations database relating to Angel Rivera, another Vanguard employee who, according to Plaintiff, lodged a complaint concerning retaliation he experienced for refusing to participate in social activities with individuals who created a hostile environment for himself and Plaintiff, and

6

for reporting discrimination against Plaintiff. (Mot. 5, ECF No. 59). Mr. Rivera's complaints led to the termination of Mr. Loikits and Mr. Fertig, two of the discriminators identified in Plaintiff's Complaint. (Resp. 3, ECF No. 67). According to Plaintiff, Mr. Rivera's complaints — which involve the same department, decision makers, and discriminators as Plaintiff's — are "inextricably intertwined in Plaintiff's action." (Mot. 5, ECF No. 59). Thus, Plaintiff seeks all "documents maintained on the Crew Relations database that refer or relate to Angel Rivera," and all "documents reviewed, considered or generated in the investigation that resulted in the termination of" Mr. Loikits and Mr. Fertig. (Pl's 3rd RFP Nos. 4, 9-10; ECF No. 59-9).

In response, Defendant contends that Plaintiff is not entitled to these documents because: (1) this Court already held that Plaintiff is not entitled to additional documents relating to (a) other employees' internal discrimination complaints or (b) the investigation that led to the termination of Mr. Loikits and Mr. Fertig (Resp. 3-4, ECF No. 67); (2) Plaintiff has not met his burden of demonstrating that the requested documents are relevant (*id.* at 4-5); and (3) to the extent that the information Plaintiff seeks is relevant, Defendant already produced the relevant documents (*id.* at 5-6).

The Court agrees with Defendant that Plaintiff has not met his burden of demonstrating how the requested documents — other than the ones that Defendant has already produced — are relevant to his claims. As Defendant explains, it already produced Heather Rickard's notes from her meeting with Mr. Rivera about his complaint. (Resp. 5, ECF No. 67). Those notes reflect that Mr. Rivera believed that Mr. Loikits and Mr. Fertig had mistreated Plaintiff, and that Mr. Rivera had heard Mr. Fertig refer to Plaintiff using the n-word. (Rickard Notes, ECF No. 58-1) (filed under seal). Defendant also produced notes from the interviews with Mr. Loikits and Mr.

Fertig that were conducted in response to Mr. Rivera's complaint. (Resp. R, ECF No. 67) (filed under seal). During those interviews, Mr. Loikits and Fertig both denied making any racist comments about Plaintiff, but admitted that they had engaged in inappropriate social conduct at work. (Interview Notes, ECF Nos. 63-1 and 63-3) (filed under seal). In addition, Plaintiff has had the opportunity to depose Ms. Rickard, Mr. Loikits, Mr. Fertig, and Mr. Rivera on these topics. (*Id.*).

It is unclear to the Court how other documents regarding the investigation into Mr. Rivera's complaint are relevant to Plaintiff's claims. For example, documents concerning Mr. Rivera's 2012 performance evaluation in no way relate to Plaintiff's discrimination claims. Similarly, documents reflecting that Mr. Loikits and Mr. Fertig used work email to invite subordinates to strip clubs has no bearing on Plaintiff's case. During the September 29, 2014 telephone conference on the present motion, Plaintiff's counsel stated that Defendant had not produced, among other relevant materials, documents referenced in the Rivera interview notes such as an email invitation to the off-campus "March Madness" social event; according to Plaintiff's counsel, this email is relevant to his case because it identifies the individuals who attended an event at which derogatory comments were made about Plaintiff. Given that Plaintiff has had the opportunity to depose several individuals who were present at the "March Madness" event, the marginal relevance of this document is further diminished. Plaintiff has not sufficiently explained in his motion how other documents generated during these investigations are specifically relevant to his discrimination claims. Accordingly, the Court finds that Plaintiff has not met his burden of demonstrating that his 3rd RFP Nos. 4, 9, and 10 seek relevant information.

## 2.      Plaintiff's 3rd RFP No. 11 and 3rd Set of Interrogatories No. 2

Plaintiff also asks the Court to compel Defendant to: (1) produce documents reviewed, considered or generated during its investigation into Plaintiff's EEOC charge, "including interview notes of any interviews with [Plaintiff], Roxanne Tillman, Jennifer Vastardis, Wayne Park, Angel Rivera, Patrick Fertig, Mark Loikits, Doug Lammer, Ed Dougherty, Robert Grossi, Talia Hanby and Dena Bailly" (Pl's 3rd RFP No. 11, ECF No. 59-5); and (2) identify all individuals interviewed in connection with the EEOC charge investigation, and provide details regarding the interviews including their "substance" (Pl's 3rd ROG No. 2, ECF No. 59-6). Plaintiff contends that this information is relevant to Plaintiff's "allegations regarding Defendant's discriminatory and retaliatory practices, including how Crew Relations attempts to placate employees who complain of discrimination while working with management to justify the discriminatory conduct and then 'manage out' the complaining employee as well as Plaintiff's specific claims about Crew Relations."  (Mot. 6, ECF No. 59).  Plaintiff further contends that "this information is also relevant to the extent it reveals what [Defendant] knew or should have known regarding the discrimination and retaliation [Plaintiff] experienced."  (*Id.*).

In response, Defendant contends that: (1) its investigation into Plaintiff's EEOC charge is not relevant to the present case;[2] and (2) all documents relating to the investigation are protected from disclosure by the work product doctrine because they were prepared in anticipation of litigation.  (Resp. 8-11).

The Court finds that because the EEOC charge necessarily involved the same allegations

---

[2] In particular, Defendant states that its investigation into Plaintiff's EEOC charges is not relevant to its *Faragher/Ellerth* defense to Plaintiff's hostile work environment claim. (Resp. 8, ECF No. 67).

9

of discrimination that are at issue here, the documents are facially relevant. That said, the Court further finds that they are protected from disclosure by the work product doctrine.

Pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." The Supreme Court has recognized that work product covers written materials obtained or prepared by counsel with an eye toward litigation, including "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). To qualify as work product, the material must satisfy a three-part test detailed in Rule 26(b)(3). The material must be (1) "documents or tangible things," (2) "prepared in anticipation of litigation or for trial," (3) "by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). Generally, documents created as part of an internal investigation, such as the one at issue in this case, are considered to be made in anticipation of litigation for the purposes of the work product doctrine. *Upjohn Co. V. United States*, 449 U.S. 383, 398 (1981). Work product materials may only be discovered if the party seeking disclosure demonstrates that it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(3)(A)(ii).

Pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, when a party withholds information otherwise discoverable by claiming that the information is subject to protection as trial-preparation material, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that,

10

without revealing information itself privileged or protected, will enable other parties to assess the claim."

The Court finds that documents prepared and obtained by Defendant in late 2012 during its investigation into Plaintiff's EEOC charge were prepared and obtained because of the prospect of litigation. Defendant has provided to the Court a Declaration by Maureen Reilly, Esquire, Senior Counsel at The Vanguard Group, Inc., who states that she conducted an investigation into Plaintiff's EEOC charge for the sole purpose of preparing Defendant's defenses to the charge and its position statement to the EEOC. (Reilly Decl. ¶ 4, ECF No. 67-8). Ms. Reilly further states that she asked Heather Rickard in Crew Relations to assist her with the investigation by, among other things, interviewing witnesses to gather information that Ms. Reilly believed was relevant to Plaintiff's claims and to prepare its defenses. (*Id.* at ¶ 5); *see also* (Rickard Dep, 16:9-18:4, ECF No. 67-4) (testifying that she initiated contact with Plaintiff in August 2012 to interview him after Defendant received Plaintiff's EEOC charge). Because the the information relating to Plaintiff's EEOC charge requested in Plaintiff's Third RFP No. 11 and Third Set of Interrogatories No. 2 was prepared in anticipation of litigation, it is protected from disclosure by the work product doctrine. *See U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1265-66 (3d Cir. 1990); *Moore v. DAN Holdings, Inc.*, No. 12-503, 2013 WL 1833557, at *7 (M.D.N.C. Apr. 30, 2013) (holding that "an investigation following an EEOC charge constitutes activity in anticipation of litigation" and thus precluding plaintiff from obtaining discovery into defendant's investigation of plaintiff's EEOC charge).[3] Moreover, because Plaintiff has had the

---

[3] Plaintiff argues that notes of any witness interviews conducted as part of Defendant's investigation contain underlying facts that are not protected from disclosure by the attorney-client privilege (Mot. 7, ECF No. 59). However, Plaintiff does not address the applicability of

opportunity to depose the individuals he has identified, he has not demonstrated a "substantial need" for the requested materials.

Defendant claims that it is not obligated to produce a privilege log identifying the documents involved in its investigation into the EEOC charge because the privilege log it previously produced already reflects that it has withheld documents created after litigation became reasonably foreseeable. That log identifies as privileged "all documents prepared by counsel for Defendant or prepared at the direction of counsel for Defendant, as well as all correspondence exchanged between counsel for Defendant and Defendant and/or among counsel for Defendant, after litigation became reasonably foreseeable on or about July 10, 2012 when Defendant received notice that Plaintiff had filed a charge of discrimination with the EEOC." (Privilege Log, ECF No. 67-9). Given that, as discussed above, it is clear that all documents prepared in connection with Plaintiff's EEOC charge are protected from disclosure, the Court finds that Defendant's previous assertion of privilege satisfies the requirements of Rule 26(b)(5).

### C. Defendant's Request for Fees and Costs

In its brief in opposition to Plaintiff's motion, Defendant asks the Court to award Defendant its fees and costs incurred in opposing the motion. *See* Fed. R. Civ. P. 37(a)(5)(B) (providing that, if the Court denies a party's motion to compel, it "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party [] who opposed the motion its reasonable expenses incurred in opposing the motion,

---

the work product doctrine to the disputed materials. *See Malin v. Hospira, Inc.*, No. 08-4393, 2010 WL 3781284, at *1 (N.D. Ill. Sept. 21, 2010) (holding that investigation notes by defendant's in-house counsel prepared after the EEOC charge was filed is work product).

including attorney's fees . . . . [unless] the motion was substantially justified or other circumstances make an award of expenses unjust"). Given that the parties had a genuine dispute as to the scope of discovery in this case, the motion is denied.

**III.     CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Compel will be DENIED.

An appropriate order follows.

                                **BY THE COURT:**

                                  **/s/ Lynne A. Sitarski**
                                **LYNNE A. SITARSKI**
                                **UNITED STATES MAGISTRATE JUDGE**