# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCOIS LAFATE<br>*Plaintiff*<br><br>v.<br><br>THE VANGUARD GROUP, INC.<br>*Defendant* | CIVIL ACTION<br><br>NO. 13-5555 |

NITZA I. QUIÑONES ALEJANDRO, J.          October 16, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion for leave of court to file an amended complaint* filed by Plaintiff Francois Lafate ("Plaintiff"), which seeks leave to amend his original complaint by adding additional individual defendants and claims. [ECF 41]. Defendant The Vanguard Group, Inc., ("Defendant" or "Vanguard") filed a response in opposition. [ECF 51]. The motion is ripe for disposition.

For the reasons stated herein, the motion to amend the complaint is denied.

### BACKGROUND

On September 20, 2013, Plaintiff filed an employment discrimination complaint against his current employer, Vanguard, claiming that Vanguard discriminated and retaliated against him on account of race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, *et seq.* [ECF 1]. In the complaint, Plaintiff further alleged that two of his supervisors, Jennifer Vastardis ("Vastardis") and Wayne Park ("Park"), gave him negative performance appraisals and demoted him because of his race and/or in retaliation for his complaints of racist comments.

(Comp. at ¶¶19, 21, 46, 51, 70, 82, 97, 106). Despite these allegations, Plaintiff did not name either Vastardis or Park as defendants in the caption of the complaint nor did he identify them as defendants in the "Parties" section of the complaint. Although the complaint included factual allegations against these two individuals, and Count V of the complaint is asserted against them, Plaintiff did not serve these individuals with the complaint and/or summons.

On July 15, 2014, the last day of discovery under the then-existing scheduling order, Plaintiff filed this motion for leave to amend his complaint seeking to add Vastardis, Park, and another Vanguard employee, Robert Grossi ("Grossi"), as defendants and add new allegations of retaliatory actions against Grossi. [ECF 41]. (*See* Proposed Amend. Comp. at ¶¶116-124).

Vanguard opposes the motion to amend and argues that Plaintiff's late attempt to amend his complaint should not be permitted because of undue delay, prejudice, and futility.

**LEGAL STANDARD**

Motions for leave to amend are governed by Federal Rule of Civil Procedure (Rule) 15. This rule provides that a party may amend his pleading once as a matter of course. *Id.* at (a)(1). All other amendments, however, require written consent of the adverse party or leave of court. *Id.* at (a)(2). Generally, leave to amend is to be "freely give[n] when justice so requires." *Id.* at (a)(3). However, it is within the discretion of a district court to deny a motion for leave to amend when there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**DISCUSSION**

As stated, Plaintiff seeks leave to amend his complaint to add three new individuals, as defendants, and to assert other allegations of retaliatory conduct, which Vanguard has opposed on the grounds of lateness, undue delay, prejudice, and futility. This Court agrees.

*Undue Delay and Prejudice*

A motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. *Furman Lumber, Inc. v. The Mountbatten Surety Co., Inc.*, 1997 WL 397496, at *4 (E.D. Pa. July 9, 1997). A delay in amending becomes "undue" when it places an unfair burden on the opposing party. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "The question of undue delay . . . requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). A plaintiff must, therefore, offer a "colorable excuse" for the delay. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 n. 11 (3d Cir. 2006). Courts in this district have found undue delay and/or prejudice where the proposed amendments assert new claims, where new discovery would be necessary, and where the motion for leave to amend was filed months after the factual basis of the amendment was discovered by the moving party. *See e.g., Leaphart v. Am. Friends Svc. Comm.*, 2008 WL 5336703, at *3 (E.D. Pa. Dec. 22, 2008); *Capp, Inc. v. Dickson/Unigage, Inc.*, 2004 WL 2188100, at *3 (E.D. Pa. Sept. 8, 2004); *Cummings v. City of Phila.*, 2004 WL 906259, at *4 (E.D. Pa. Apr. 26, 2004).

Here, Plaintiff seeks to add two former Vanguard employees, Vastardis and Park, as party defendants. While Plaintiff contends that he has sought to amend the complaint at the earliest opportunity to add former employees as defendants, the record and the motion itself, belie this assertion. Plaintiff filed the complaint on September 20, 2013, and the motion for leave to

amend on July 15, 2014, the day fact discovery was scheduled to end. More significantly, however, the additional claims contained in the proposed amendments against the intended new defendants Vastardis and Park are premised upon the very facts set forth in both the original complaint and in Plaintiff's EEOC charge which was filed more than a year earlier on July 10, 2012. Thus, these proposed amendments and alleged "new" claims against Vastardis and Park are not "new," but are, instead, premised on facts, not only known to Plaintiff for over two years, but actually pled in previous filings. Under the circumstances, this Court finds that Plaintiff's unreasonable delay in attempting to include and name Vastardis and Park as party defendants constitutes undue delay.

In addition, other than counsel's alleged "inadvertent[] omi[ssion]" to name these individuals as defendants in his original complaint, Plaintiff offers no legitimate reason for not having sought to add Vastardis and Park as defendants sooner than the last day of the then court-ordered discovery. (*See* Motion at p. 3). It appears that Plaintiff made a strategic decision not to name these two individuals as defendants. *Cf. Lei Ke v. Drexel University*, 2014 WL 1395027, at *3-4 (E.D. Pa. Apr. 10, 2014) (denying plaintiff's motion to amend complaint by adding additional individual defendants based un undue delay where the allegations against the new defendants were contained in the original complaint). This Court finds no reason to permit the requested amendment in light of what this Court views as dilatory and tactical motives.

This Court also finds that Plaintiff's late attempt to amend his complaint is also unduly prejudicial to Defendant. The issue of prejudice rests on whether allowing the amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *Cureton*, 252 F.3d at 273. While Plaintiff argues that Vanguard need not do additional discovery, clearly, adding three new individual defendants at this late hour undoubtedly disrupts

4

and delays this litigation, and by necessity would require discovery by these individuals. The parties have engaged in extensive contentious discovery that has been handled by the Magistrate Judge. Various deadlines in this case have already been extended several times. It is not in the interest of justice to continue to extend the existing deadlines and delay this mater. Allowing Plaintiff to add defendants at this stage of litigation and under the above-described circumstances would unduly burden Defendant with additional discovery, costs, and preparation to defend against new facts and/or theories.

*Futility of Proposed Amendments/Claims*

As part of the amendments being sought, Plaintiff seeks to add as a defendant, Robert Grossi, one of Plaintiff's supervisors at Vanguard. Plaintiff contends that Grossi was involved in recent retaliatory conduct against Plaintiff for which Plaintiff has asserted a claim of aiding and abetting liability under the PHRA. (*See* Amend. Comp. at Count V). Based on the proposed allegations underlying this new claim, this Court finds Plaintiff's claim futile since this amendment will not survive a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). That is, before filing a lawsuit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") and/or the EEOC. *See Atkinson v. LaFayette College*, 460 F.3d 447, 453 (3d Cir. 2006); 43 Pa.C.S. §962. This administrative "complaint must name the individual(s) alleged to have violated the PHRA." *DuPont v. Slippery Rock Univ. of Pennsylvania*, 2012 WL 94548, at *3 (W.D. Pa. Jan. 11, 2012) (citing 43 Pa.C.S. §959(a)). "Courts have found that the individuals do not have to be named in the caption of the case and that just mentioning the individuals in the body of the Complaint gives the individuals the requisite notice so that judicial relief may be sought under the PHRA." *Id.* (citation omitted). If

a plaintiff does not name an individual in his administrative charge, he is precluded from bringing an action against that defendant in court. *See Shafer v. Board of Public Educ.*, 903 F.2d 243, 251 (3d Cir. 1990).

In its opposition to the motion to amend, Vanguard argues that Plaintiff did not exhaust his administrative remedies as to Grossi because Plaintiff neither named this individual nor mentioned him in Plaintiff's EEOC charge. A review of Plaintiff's charge, which was cross-filed with the PHRC, reveals no mention of Grossi anywhere. As such, Plaintiff has failed to exhaust his administrative remedies as to Grossi and, therefore, these proposed allegations to be included in the amended complaint relating to Grossi are futile.[1]

Plaintiff's new allegations of retaliatory conduct taken by Grossi are also insufficient, as a matter of law, to substantiate a violation of either Title VII or the PHRA.[2] In his proposed amended complaint, Plaintiff alleges that Vanguard, through Grossi, engaged in the following new retaliatory conduct:

- "micromanag[ing] Lafate and subject[ing] him to unwarranted scrutiny," including by copying his supervisor on emails to Plaintiff about Plaintiff's performance and by documenting his conversation with Lafate; and

- "prepar[ing] to issue Lafate a written alert for an alleged performance deficiency . . . ."

(*See* Proposed Amend. Comp. ¶¶117-25). Defendant argues that these new allegations fail to constitute the requisite adverse action for purposes of a retaliation claim.

---

[1] While the Third Circuit has recognized a limited exception to the above-described named respondent rule, Plaintiff has made no attempt to show that the exception applies here. *Cf. Shafer*, 903 F.2d at 252.

[2] It is well-settled in the Third Circuit that discrimination, hostile work environment and retaliation claims brought under the PHRA are subject to the same analysis as those claims brought under Title VII. *Gomez v. Allegheny Health Svcs., Inc.*, 71 F.3d 1079, 1084 (3d Cir. 1995); *Woodard v. PHB Die Casting*, 255 F. App'x 608 (3d Cir. 2007); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997).

To state a claim for retaliation under Title VII, a plaintiff must demonstrate, *inter alia*, that the employer took an adverse employment action against him in retaliation for his protected activity. *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). An adverse employment action refers to "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Inds., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). To constitute an adverse employment action, "a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53, 68 (2006). A plaintiff's allegation that he has been subjected to greater scrutiny or micro-management than co-workers, or been given verbal or written warnings, however, is insufficient to establish actionable retaliatory conduct. *See e.g., Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 230 (3d Cir. 2008); *Urey v. Grove City College*, 94 F. App'x 79, 81 n. 2 (3d Cir. 2004); *Huggins v. Coatesville Area School Dist.*, 2010 WL 4273317, *10 (E.D. Pa. Oct. 29, 2010); *Hallman v. PPL Corp.*, 2014 WL 349714, *11 (E.D. Pa. Jan. 31, 2014).

Because Plaintiff's alleged conduct, as described, is not an adverse employment action, Plaintiff's proposed amendments are futile.

## CONCLUSION

For the foregoing reasons, the motion for leave to amend is denied. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.